IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BENTE SELLARS and <br> BRIDGET CORMIER <br><br> Plaintiffs, <br><br> V. <br><br> METROPOLITAN TRANSIT AUTHORITY <br> OF HARRIS COUNTY, HOUSTON, <br> TEXAS <br><br> Defendant. | § § § § § § § § § § § § § <br><br> Civil Action No. H-10-471 <br> JURY TRIAL DEMANDED |

### PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Bente Sellars and Bridget Cormier bring this cause to recover unpaid overtime wages from defendant Metropolitan Transit Authority of Harris County, Houston, Texas.

### A. Nature of Suit

1. The Fair Labor Standards Act (FLSA) is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers..." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets overtime pay and record keeping requirements for covered employers. 29 U.S.C. §§ 207(a) and 211(c).

2. Defendant violated the FLSA by failing to pay plaintiffs at time and one half their regular rates for hours worked in excess of forty hours per week. Accordingly, plaintiffs bring this action to recover unpaid overtime compensation

under § 216(b) of the FLSA.

## B. Parties

3. Plaintiff, Bente Sellars, is a citizen of the State of Texas.

4. Plaintiff, Bridget Cormier, is a citizen of the State of Texas.

5. Defendant, Metropolitan Transit Authority of Harris County, Houston, Texas ("Metro"), a political subdivision of the State of Texas, may be served with process by serving its senior vice president and general counsel, Pauline Higgins, 1900 Main Street, 3rd Floor, Houston, Texas 77208-1429.

## C. Jurisdiction and Venue

6. The court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) as this claim involves violations of the Fair Labor Standards Act (FLSA).

7. Venue is proper in the Southern District of Texas, Houston Division as a substantial part of the events or omissions giving rise to this claim occurred in the Southern District of Texas.

## D. Facts

8. Plaintiffs were unlawfully denied overtime compensation by defendant in that they were not paid time and one-half for all of the hours which were in excess of forty hours per week.

9. Plaintiffs work for defendant as fare media agents. Plaintiff Sellars has been an employee of defendant since approximately 1989 and is paid approximately

$19.23 per hour. Plaintiff Cormier has been an employee of defendant since approximately 1991 is paid approximately $18.53 per hour. Plaintiffs regularly perform duties for defendant such as invoicing, distributing and encoding fare media, and performing inventory control and customer service. In performing his duties, plaintiffs are regularly required to work over forty hours per week.

10.     Plaintiffs are full time, non-exempt employees of defendant. Although plaintiffs regularly work more than forty (40) hours in a week, defendant does not pay them overtime for all of their overtime hours. Beginning in approximately November, 2008, plaintiffs' manager instructed them either not report or to under-report their overtime hours. Plaintiffs followed their managers instructions to either not report or to under-report their overtime hours for fear of losing their jobs. Plaintiffs are entitled to one-and-one-half times their regular rates of pay for all of the hours that they worked in excess of forty hours in a week. Defendant knew, or showed reckless disregard, for whether the way it paid its agents violated the FLSA.

11.     As non-exempt employees, plaintiffs were entitled to overtime pay of one and one half their regular rates of pay. 29 U.S.C. § 207(a). However, plaintiffs were not compensated for all hours worked in excess of forty hours at one and one half times their regular rate. Defendant's practice of failing to pay plaintiffs time and one half for overtime hours is a violation of the FLSA.

12.     The illegal pattern or practice on the part of defendant with respect to overtime compensation for plaintiffs was in violation of the FLSA. No exemption

excuses defendant from paying plaintiffs their overtime rate for overtime hours worked, nor has defendant made a good faith effort to comply with the FLSA. Rather, defendant knowingly, willfully or with reckless disregard, carried out its illegal pattern or practice regarding overtime compensation and the payment of wages to plaintiffs.

### E. Causes of Action

13.     Plaintiffs incorporate the allegations in the preceding paragraphs.

14.     Defendant violated the overtime provisions of the FLSA.  Plaintiffs are entitled to overtime pay for all hours worked over forty in a week.  Additionally, plaintiffs are entitled to an amount equal to all of their unpaid wages as liquidated damages, as well as reasonable attorneys' fees and costs of this action.

15.     The foregoing facts demonstrate that defendant has wilfully violated the Fair Labor Standards Act with regard to plaintiffs.

### F. Damages

16.     The FLSA violations of the defendant give rise to the following damages: back wages, liquidated damages, prejudgment interest, and attorney fees.

### G. Demand for Jury Trial

17.     Plaintiffs, Bente Sellars and Bridget Cormier, assert their rights under the Seventh Amendment to the U.S. Constitution and demand, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

### H. Prayer

18. WHEREFORE, plaintiffs respectfully request judgment be entered in their favor awarding them:

    a. Payment for overtime hours worked;

    b. An equal amount as liquidated damages as allowed under the FLSA;

    c. Pre and post-judgment interest as allowed by law;

    d. Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA; and

    e. Such other and further relief as may be required by law.

Respectfully submitted,

By: /s/ Albert T. Van Huff
ALBERT T. VAN HUFF
Texas Bar No. 24028183
Souther District No. 26968
1225 North Loop West, Suite 640
Houston, Texas 77008
Tel. (713) 880-2992
Fax (713) 880-5297

ATTORNEY-IN-CHARGE FOR PLAINTIFFS

OF COUNSEL:

MONSHAUGEN & VAN HUFF, P.C.
1225 North Loop West, Suite 640
Houston, Texas 77008
Tel. (713) 880-2992
Fax (713) 880-5297