UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BENTE SELLARS & BRIDGET CORMIER, on behalf of themselves and others similarly situated, | CASE NO. 4:10-CV-00471 |
| Plaintiffs, | |
| v. | JURY TRIAL DEMANDED |
| METROPOLITAN TRANSIT AUTHORITY OF HARRIS COUNTY, HOUSTON, TEXAS | |
| Defendant. | COLLECTIVE ACTION |

# FIRST AMENDED COMPLAINT

### NATURE OF SUIT

1. The Metropolitan Transit Authority of Harris County, Texas (Metro) knows the non-exempt workers in its administrative office regularly work significant amounts of overtime. However, rather than pay these workers for all the time that they work, Metro instructs them to underreport their hours. This results in the systemic underpayment of wages in violation of the Fair Labor Standards Act (FLSA). Bente Sellars and Bridget Cormier (collectively, Plaintiffs) bring this collective action to recover the unpaid overtime pay owed to them and to other similarly situated workers.

### JURISDICTION & VENUE

2. This Court has jurisdiction because Plaintiffs' claims arise under federal law. *See* 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper in the Southern District of Texas - Houston Division because a substantial part of the acts and conduct charged herein occurred in this district.

## THE PARTIES

4. Plaintiffs were non-exempt, administrative office workers employed by Metro who did not receive the wages required by federal law.

5. The class of similarly situated employees consists of all non-exempt administrative office staff employed by Metro within the three years period preceding the filing of this lawsuit. These employees are referred to collectively as the Members of the Class.

6. Metro Defendant, Metropolitan Transit Authority of Harris County, Houston, Texas ("Metro"), a political subdivision of the State of Texas. Metro has answered herein.

## FACTS

7. Plaintiffs are full time, non-exempt employees of Metro. Metro pays Plaintiffs by the hour. Plaintiffs are entitled to one-and-one-half times their regular rates of pay for all of the hours that they work in excess of forty hours in a week.

8. Plaintiffs regularly work more than 40 hours in a week. However, Metro does not pay them overtime for all of their overtime hours. Beginning in approximately November 2008, Plaintiffs' manager instructed them either not report or to under-report their overtime hours.

9. Upon information and belief, Metro's managers issued a similar directive to other non-exempt workers. Shortly after the filing of this lawsuit, Plaintiffs' counsel received a letter stating Metro was denying overtime wages to other non-exempt employees.

10. Plaintiffs followed their manager's instructions to either not report or to under-report their overtime hours for fear of losing their jobs. While Metro may have paid some overtime during the relevant period, these payments fall far short of the overtime owed under the FLSA. However, Plaintiffs' manager knew Plaintiffs were working additional hours for which Metro was not paying Plaintiffs.

11. Metro knew these policies and/or practices violated the FLSA. Nonetheless, Metro willfully failed to pay the wages required by federal law.

## COLLECTIVE ACTION ALLEGATIONS

12. Upon information and belief, other non-exempt employees were victims of the foregoing pattern, practice and/or policy. Other Metro managers directed non-exempt employees to underreport their overtime hours.

13. These non-exempt employees worked overtime hours "off the clock." They are entitled to recover their unpaid overtime.

14. All non-exempt administrative office staff workers who Metro did not pay for all overtime hours worked are similarly situated. Metro's liability to Plaintiffs and these similarly situated workers arises from a common nucleus of liability facts.

## CAUSES OF ACTION

15. Plaintiffs incorporate the preceding paragraphs by reference.

16. Metro's practice of failing to pay non-exempt workers overtime compensation at one and one-half for all hours worked in excess of 40 in a workweek violates the FLSA. Accordingly, Plaintiffs and all those similarly situated are entitled to their unpaid overtime wages.

17. Additionally, Plaintiffs and all those similarly situated are entitled to an amount equal to all their unpaid wages as liquidated damages, as well as reasonable attorneys' fees and costs of this action.

## JURY DEMAND

18. Plaintiffs demand a trial by jury.

## PRAYER

Wherefore, Plaintiffs respectfully request judgment be entered in their favor awarding them and all similarly situated employees:

a) Overtime wages for all unpaid hours worked in excess of forty in a workweek at one and one-half times their regular rates;

b) An amount equal to their unpaid wages as liquidated damages;

c) Reasonable attorneys' fees, costs and expenses of this action;

d) Pre- and post-judgment interest at the highest rates available by law; and

e) Such other relief as may be required by law.

Respectfully submitted,

| **BRUCKNER BURCH PLLC** | **MONSHAUGEN & VAN HUFF, PC** |
|---|---|
| /S/ Rex Burch | /s/ Al Van Huff |
| By: _____ | By: _____ |
| Richard J. (Rex) Burch | Albert T. Van Huff |
| Texas Bar No. 24001807 | Texas Bar No. 24028183 |
| S.D. Texas No. 21615 | S.D. Texas No. 26968 |
| 1415 Louisiana, Suite 2125 | 1225 North Loop West, Suite 640 |
| Houston, Texas 77002 | Houston, Texas 77008 |
| (713) 877-8788 – Telephone | Tel. (713) 880-2992 |
| (713) 877-8065 – Facsimile | Fax (713) 880-5297 |

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I served this document on all parties via the Court's CM/ECF electronic filing system.

**/s/ Rex Burch**
_____
Richard J. (Rex) Burch